# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| | : | |
| v. | : | No. 3:07-cr-73 (CFD) |
| | : | |
| VIDA DEAS | : | |
| | : | |
| | : | |

## RULING DENYING MOTION TO DISMISS SUPERSEDING INDICTMENT

On April 10, 2007, a federal grand jury in Hartford returned a 25-count indictment charging thirteen defendants, including Vida Deas, with various violations of federal law, including 21 U.S.C. §§ 841 and 846.[1] Following the guilty pleas of all the other defendants, Deas was the only defendant charged in a five-count superseding indictment returned on October 16, 2008, as follows: count one alleges that Deas conspired to possess with the intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); count two alleges that Deas conspired to possess with the intent to distribute and to distribute 500 grams or more of powder cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B); counts three and four allege that Deas possessed with the intent to distribute and distributed cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); count five alleges that Deas possessed with the intent to distribute cocaine base, also in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

In a letter addressed to the Court dated October 28, 2008, Deas moved to dismiss all five counts of the superseding indictment because it was not filed within 30 days of his arrest on

---

[1]This indictment has not been dismissed.

-1-

March 27, 2007. For the following reasons, the motion to dismiss is denied.

**I.     Background**

Deas was arrested on March 27, 2007 based on a criminal complaint, and was indicted with the other defendants on April 10, 2007. The criminal complaint charged Deas with conspiracy to possess and distribute over 50 grams of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).[2] The affidavit in support of the complaint described Deas and Byron Turner as co-conspirators who had converted cocaine into cocaine base and purchased cocaine from a person identified as "T" for that purpose. The affidavit states that those events occurred on February 13 and 14, 2007. Much of the information related in the affidavit came from court-authorized wiretaps of Turner's telephones in February and March of 2007.

The superseding indictment was returned while the original indictment was pending. The superseding indictment essentially restated the original charges against Deas in the original indictment and made the following changes:

As to Count One (conspiracy to distribute cocaine base):

1.      Removed the specific names of the five co-conspirators that were listed in count one of the original indictment (who have pleaded guilty to the charges in the original indictment), restated the name of defendant Byron Turner as a co-conspirator, but retained the original indictment's phrase "and others [co-conspirators] known and

---

[2] The affidavit for the complaint also sets forth alleged sales of cocaine base by Deas on March 6 and 23, 2007, and another "narcotics transaction" on March 21, 2007. The arrest and search warrants (issued along with the criminal complaint) were executed on March 27, 2007. Apparently, the counts in the original and superseding indictments for possession with intent to sell cocaine base on March 27, 2007 related to cocaine base seized during the execution of the arrest and search warrants for Deas on March 27, 2007.

unknown to the grand jury"; and

2. Changed the dates of the conspiracy from "February 1, 2007 to on or about March 26, 2007" to "January 2004 through on or about March 26, 2007."

As to Count Two (conspiracy to distribute powder cocaine):

1. Added the specific name of Artan Isufaj, a/k/a/ "T," who had been specifically identified in the affidavit for the criminal complaint (as "T") but not in the original indictment, as a co-conspirator, along with Byron Turner (who had been named in this count of the original indictment); and

2. Changed the dates of the conspiracy from "on or about February 1, 2007 to on or about March 26, 2007" to "on or about January 2004 through on or about March 26, 2007."

As to Count Three (possession with intent to distribute and distribution of cocaine base on March 6, 2007):

1. Restated count thirteen of the original indictment as count three because the counts relating to the other co-defendants were eliminated in light of their guilty pleas.

As to Count Four (possession with intent to distribute and distribution of cocaine base on March 23, 2007):

1. Restated count sixteen of the original indictment as count four because the counts relating to the other co-defendants were eliminated in light of their guilty pleas.

As to Count Five (possession with intent to distribute cocaine base on March 27, 2007):

1. Restated count eighteen of the original indictment as count five because the counts relating to the other co-defendants were eliminated in light of their guilty pleas; and

2. Deleted the quantity of in excess of 50 grams of crack cocaine in this count under 21

U.S.C. § 841(b)(1).

## II. Discussion

### A. The Speedy Trial Act's Thirty-Day Requirement

The Speedy Trial Act's "thirty-day requirement" is found in 18 U.S.C. § 3161(b), which requires that "any . . . indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons *in connection with such charges*." Id. (emphasis added). The sanction for a violation of section 3161(b) is that "such charge . . . shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). The general purpose of the Speedy Trial Act is to "expedite the process of *pending* criminal proceedings, not to supervise the exercise by a prosecutor of his investigative or prosecutorial discretion." United States v. Roman, 822 F.2d 261, 266 (2d Cir. 1987) (emphasis in original). "[Section 3161(b) of the Act] was meant in part to ensure that accused individuals do not suffer for more than thirty days without being formally charged." United States v. Hajduk, 370 F.Supp.2d 1103, 1108 (D. Colo. 2005). The thirty-day limit's purpose is "to insure that individuals will not languish in jail or on bond without being formally indicted on particular charges." Id. (quoting United States v. DeJohn, 368 F.3d 533, 538 (6th Cir.), cert. denied, 543 U.S. 988 (2004)).

Although the Speedy Trial Act does not contain the words "superseding indictment," both the Second Circuit and this District have considered how to treat a superseding indictment under § 3161(b). See, e.g., Roman, 822 F.2d 261; United States v. Glover, No. 3:08-cr-4 (JCH), 2008 WL 4696120 (D. Conn. Oct. 21, 2008). In Glover, the court held that dismissal is not required under § 3161(b) "where an untimely superseding indictment pleads the same charges based upon

the same facts as an earlier indictment." 2008 WL 4696120 at *4 (citing United States v. Martinez-Espinoza, 299 F.3d 414, 416-17 (5th Cir. 2002) (explaining that where there is a timely and untimely indictment, the first indictment tolls the thirty-day clock "if the indictments charge an identical offense."))._3_ Glover also notes that the Second Circuit would not find a Speedy Trial Act violation if the superseding indictment "merely split[s] the original conspiracy count, timely charged in the original indictment, into two separate groups of defendants. In that case, the superseding indictment would inherit the tolled thirty-day clock of the original indictment." 2008 WL 4696120 at *5. See also United States v. Kelly, 45 F.3d 45 (2d Cir. 1995). A superseding indictment issued more than thirty days after a defendant's arrest and adding a completely new charge to those contained in the original indictment (and the complaint) also does not violate the Speedy Trial Act. Such a charge does not inherit the original complaint's thirty-day clock but rather starts its own, new clock. Glover, 2008 WL 4696120 at *4 (superseding indictment whose charges differ substantially in "time, place and manner" from criminal episodes in the complaint does not violate Speedy Trial Act); see also United States v.

---

[3] Other circuits have also held that 18 U.S.C. § 3161(b)'s thirty-day rule is not violated when "a defendant is indicted within the thirty-day period and then re-indicted on identical charges based on identical facts after the expiration of the thirty-day period." United States v. Berry, 90 F.3d 148, 151 (6th Cir. 1996); see also United States v. Mitchell, 723 F.2d 1040, 1044-45 (1st Cir. 1983) (holding that, when initial indictment was filed within the thirty-day period, a superseding indictment filed outside the thirty-day window which did not change the original charges did not violate the Speedy Trial Act); United States v. Rabb, 680 F.2d 294, 297 (3d Cir. 1982) ("in the absence of bad faith on the part of the government or prejudice to the defendant, an indictment returned by a grand jury whose term has expired is sufficient to toll Speedy Trial Act § 3161(b) if it is followed by a valid indictment, identical in all material respects."); United States v. Perez, 845 F.2d 100, 103 (5th Cir. 1988) (finding that initial indictment returned by a grand jury whose term had expired tolled the thirty-day period such that a subsequent valid indictment which was "identical in all material respects to the void indictment" was timely).

Gomez-Olmeda, 296 F.Supp.2d 71, 78 (D. Puerto Rico 2003) (citing cases in the 5th, 7th, 9th, and 11th Circuits holding that a superseding indictment issued more than thirty days after a defendant's arrest which adds entirely new charges to those contained in the complaint and original indictment does not violate the STA).  It is only when a superseding indictment asserts a charge that was included in the criminal complaint but was not included in the original, timely indictment that 3161(b) is violated.  United States v. Napolitano, 761 F.2d 135 (2d Cir. 1985) (only specific charges contained in the criminal complaint are subject to dismissal if brought in an untimely indictment); United States v. Cortinas, 785 F. Supp. 357 (E.D.N.Y. 1992) (same); United States v. Palomba, 31 F.3d 1456,1462-64 (9th Cir. 1994) (charges contained in the criminal complaint not brought in the timely first indictment but included in an untimely superseding indictment violate § 3161(b)).

There are also circumstances where a superseding indictment may add factual allegations to the charge found in the original indictment and not violate the thirty-day rule.  There would be no Speedy Trial Act violation if the superseding indictment merely added facts to a charge set forth in the original indictment if those facts were present in the complaint.  United States v. Carrasco, 257 F.3d 1045, 1052-53 (9th Cir. 2001) (holding that a superseding indictment, "issued while the original indictment was pending and which reasserted the same charge," even where it asserts additional factual allegations supporting the charge, inherits the (tolled) thirty-day clock of the original indictment).  However, if the new charge "merely annotates in more detail the same charge alleged in the initial accusatory instrument" some courts consider this new charge a "gilded charge," that is, a charge that attempts to circumvent the Speedy Trial Act's thirty-day requirement by adding material information to the original indictment, when that additional

information was known and should have been joined with the charge in the original indictment. United States v. Hajduk, 370 F.Supp.2d 1103, 1109 (D. Colo. 2005) (citing United States v. Bailey, 111 F.3d 1229, 1236 (5th Cir. 1997), United States v. Andrews, 790 F.2d 803, 808-09 (10th Cir. 1986)); see also United States v. Peppin, 365 F.Supp.2d 261, 267-68 (N.D.N.Y. 2005) (same); United States v. Gomez-Olmeda, 296 F.Supp.2d 71, 81 (D. Puerto Rico 2003) (a gilded charge is one that "neither includes new offenses nor alleges identical offenses based on identical facts"). But see United States v. Bilotta, 645 F.Supp. 369, 371 (E.D.N.Y. 1986) (The Act "does not prevent later prosecution for different crimes even if the subsequent charges . . . arise from the same criminal episode as those specified in the original complaint or were known or reasonably should have been known at the time of the complaint") (quoting Napolitano, 761 F.2d at 137).[4]

### B. Expansion of the Period of the Charged Conspiracies

The question in this case is whether the government's new, three-year conspiracies asserted in counts one and two of the superseding indictment are most like (a) cases where the superseding indictment charges essentially an identical charge to that in the original complaint, (b) cases where completely different charges in a superseding indictment arose from new and different facts discovered after the original complaint and indictment, or (c) cases that violate §

---

[4] It is not entirely clear what the "gilding" problem is, and how it violates 18 U.S.C. § 3161(b). See, e.g., United States v.Oliver, 683 F. Supp. 35, 39 (E.D.N.Y. 1988) (expressing view that the Second Circuit in Napolitano did not offer "crystal clear evidence" on this issue). It appears that "gilding" means adding allegations to a superseding indictment which do not constitute a new offense or allege an offense identical or substantially similar to those in the original indictment. Rather, the new allegations give greater "legal" detail to the same charges in the original indictment. See Gomez-Olmeda, 296 F.Supp.2d at 77-81 (dismissing superseding indictment which merely added aggravating factors to death penalty charge).

3161(b) for presenting new charges set forth in the complaint but not in the timely original indictment. Existing case law does not specifically address this question in the context of applying § 3161(b) to conspiracies.

The charges in the superseding indictment here are identical to those against Deas in the original indictment in all material respects except for the expansion of the charged conspiracies in counts one and two from two months to three years and two months. Both indictments charge Deas with conspiracy to possess with intent to distribute fifty grams or more of cocaine base; conspiracy to possess with intent to distribute 500 grams or more of cocaine; and possession with intent to distribute or distribution of cocaine base. The addition of the specific name of one unindicted co-conspirator to the second conspiracy count does not change the charged offense, nor is this addition a material factual change, since Artan Isufaj was specifically included in the criminal complaint as unindicted co-conspirator "T"[5] and the supplier of powder cocaine to Deas and Turner, and the original indictment included the charge that the powder cocaine conspiracy included "others known and unknown to the grand jury." Also, the deletion of specific names of co-defendants in count one does not violate the thirty-day rule, as it merely reflects the guilty pleas of the co-defendants and was made in preparation for trial of Deas alone.[6]

The date changes to the charged conspiracies in counts one and two are the result of

---

[5]As mentioned, Artan Isufaj is also identified in count two of the superseding indictment as "T."

[6]The change in quantity to one of the substantive counts, *i.e.*, removing the allegation that Deas possessed with the intent to distribute over 50 grams of cocaine base, is not material and does not prejudice the defendant; in fact, the opposite is true, since a greater penalty would be applicable under that count of the original indictment than under the superseding indictment. In addition, it is a lesser-included offense of the original charge, a change which could not violate § 3161(b).

information not known to the government at the time of the criminal complaint or the original indictment. Those initial charging documents were based on information gathered during the wiretaps of the Byron Turner's phones in February and March of 2007. It was only on October 2, 2008, during an interview with a cooperating defendant, that the government first learned that the agreement between Deas and his co-conspirators had begun long before the government had previously thought. See Federal Bureau of Investigation "302 Report" describing the pre-trial interview of Byron Turner on October 2, 2008, transcribed on October 3, 2008, Gov't Ex. 1. The superseding indictment was returned on October 16, 2008, less than two weeks later. This discovery of new evidence (in the form of the new information from the cooperating defendant) makes this situation most analogous to those where the government adds a completely new charge to an existing indictment based on information discovered after the criminal complaint and original indictment were filed. The government has charged a new and materially different period for the conspiracies in the superseding indictment, based on new evidence that the government did not have at the time of the original complaint or indictment. The superseding indictment does not violate the purpose behind 18 U.S.C. § 3161(b): the new allegations in the superseding indictment were not set forth in the criminal complaint but absent from the original indictment. The decisions applying § 3161(b) are consistent that it was intended to prevent the Government from indicting defendants with crimes set forth in the criminal complaint but not indicted within the thirty-day period, and the superseding indictment here does not offend that purpose.[7]

---

[7]There is also no evidence that the government has engaged in any impermissible "gilding" of the charge included in the original indictment.

### C. The Speedy Trial Act's Seventy-Day Requirement

The Speedy Trial Act also imposes a seventy-day limit on the period between an indictment and trial. 18 U.S.C. § 3161(c). If the superseding indictment charges completely new conspiracies, a new seventy-day clock would begin for the purposes of § 3161(c); if, however, the superseding indictment merely expands the conspiracies charged in the original indictment, the superseding indictment would inherit the existing seventy-day clock of the original indictment. The Court cannot determine with certainty, prior to the presentation of evidence at trial, whether the two conspiracies charged in the superseding indictment are completely new and different conspiracies from those alleged in the original indictment, or merely expansions of the conspiracies included in the original indictment.[8] In either situation, there is no violation of § 3161(c)'s seventy-day requirement. The original indictment's seventy-day period has not expired due to consideration of pretrial motions under 18 U.S.C. §§ 3161(h)(1)(F) and (J) and a number of "ends-of-justice" continuances under 18 U.S.C. § 3161(h)(8)(A) that have been granted, tolling the seventy-day clock under the original indictment. A new seventy-day clock running from the date of the superseding indictment also would not have expired, because it would have been tolled by the Court's consideration of the motion to dismiss the superseding indictment, which was filed twenty days after the superseding indictment was returned.

---

[8] The Blockburger test, which is commonly used in the context of double jeopardy questions to examine whether each charged offense contains an element not contained in the other charged offense, does not apply when the charges in question are conspiracies. See Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. Lopez, 356 F.3d 463, 467-68 (2d Cir. 2004) (listing factors relevant to the task of individuating conspiracies); see also, e.g., United States v. Laguna-Estela, 394 F.3d 54, 57 (1st Cir. 2005); United States v. Cole, 293 F.3d 153, 158 (4th Cir. 2002).

## III. Conclusion

For the foregoing reasons, the defendant's November 5, 2008 motion to dismiss counts one through five of the superseding indictment [Dkt. # 561] is DENIED.

SO ORDERED this 24th day of November 2008, at Hartford, Connecticut.

   /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**