# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | No. 3:07-cr-73 (CFD) |
| | : | |
| VIDA DEAS | : | |
| | : | |
| | : | |

## RULINGS ON DEFENDANT'S MOTIONS TO DISMISS AND OTHER PRETRIAL MOTIONS

On October 10, 2007, defendant Vida Deas filed the following pretrial motions:

1. Motion to dismiss counts one and two of the indictment, or in the alternative, obtain a bill of particulars with respect to these counts [Dkt. # 256];

2. Motion for relief from misjoinder [Dkt. # 261];

3. Motion for severance and trial separate from the co-defendants [Dkt. # 259];

4. Motion to disclose grand jury proceedings [Dkt. # 258];

5. Motion for early disclosure of Jencks material and timely disclosure of Brady/Giglio material [Dkt. # 257]; and

6. Motion to file additional motions [Dkt. # 262].

Oral argument on these motions was held on October 19, 2007, and supplemental briefing was subsequently submitted by both parties. Additional oral argument was held on October 9, 2008, at which time counsel for Deas agreed to renew his filings as to any of the above motions which he intends to pursue.

Deas was indicted under a superseding indictment returned on October 16, 2008 [Dkt. #536]. He renewed his motion to dismiss [Dkt. # 256] through a new "Motion to Dismiss Count

Two of the Superseding Indictment" on October 20, 2008 [Dkt. # 538] and filed a memorandum in support of the renewed motion on the same day [Dkt. #539]. He also renewed his motion concerning the grand jury transcripts in that memorandum. The government filed a response to the renewed motions on October 22, 2008 [Dkt. # 541]. For the following reasons, the motion to dismiss is denied and the motion to disclose grand jury proceedings is denied as moot.

**I.      Background**

On April 10, 2007, a federal grand jury in Hartford returned a 25-count indictment charging thirteen defendants, including Vida Deas, with various violations of federal law, including 21 U.S.C. §§ 841 and 846. Deas is charged in a five-count Superseding Indictment returned on October 16, 2008, as follows: count one alleges that Deas conspired to possess with the intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); count two alleges that Deas conspired to possess with the intent to distribute and to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B); counts three and four allege that Deas possessed with the intent to distribute and distributed cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and count five alleges that Deas possessed with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The other defendants in the original indictment have pleaded guilty.

**II.     Discussion**

   **A.     Motions to Dismiss**

The defendant argues that counts one and two of the superseding indictment are fatally defective because they fail to provide him with notice of the particular manner and means by

which the conspiracies allegedly operated, of the specific acts allegedly done in furtherance of the conspiracies, or of the roles of the various co-conspirators. The government urges the Court to reject this argument because the federal drug conspiracy laws do not require that overt acts be pled in the indictment or proved at trial. See 21 U.S.C. § 846; compare 18 U.S.C. § 371 (federal conspiracy statute for Title 18 offenses requires an "act to effect the object of the conspiracy"). The United States Court of Appeals for the Second Circuit has held that an indictment under 18 U.S.C. § 846 "is sufficient if it alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific overt act in furtherance of the conspiracy." United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975). The indictment here includes all of these aspects, and thus is sufficiently specific.

The defendant also argued at the 2007 hearing and in supplemental briefing that the superseding indictment is multiplicitous because it charges Deas with conspiracy to distribute cocaine base in count one and with conspiracy to distribute cocaine in count two. The Government concedes that the cocaine referred to in count two was converted to the cocaine base referred to in count one. The defendant argues that the two conspiracies may actually be a single agreement to distribute cocaine base, which necessarily includes the conversion of powder cocaine into cocaine base, and thus count one "subsumes" count two.

An indictment is multiplicitous if it charges the same crime in two counts. United States v. Ansaldi, 372 F.3d 118, 124 (2d Cir. 2004). When an indictment is multiplicitous, the jury is permitted to convict on both counts, resulting in two punishments for the same crime in violation of the Double Jeopardy Clause of the Fifth Amendment. United States v. Chacko, 169 F.3d 140, 145 (2d Cir. 1999). Regardless of whether the charges in the indictment are multiplicitous,

however, the Second Circuit recently explained that "[w]here there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed." United States v. Josephberg, 459 F.3d 350, 355 (2d Cir. 2006). In Josephberg, the Court reversed as premature the district court's pre-trial dismissal of a multiplicitous count from the indictment. Id. at 352. The Court explained that the defendant's double jeopardy rights would only be violated if he were punished twice for the same offense or even convicted twice. Id. at 355. If this occurs, the proper remedy is for the district court to vacate one of the multiplicitous convictions. Id. Thus, a dismissal of a multiplicitous count before trial would be premature, and for this reason, the motion to dismiss count two is denied.[1]

It is worth noting the appropriate analysis for double jeopardy in the conspiracy context. The Blockburger v. United States double jeopardy test, which examines whether each charged offense contains an element not contained in the other charged offense, is normally applied in order to determine if the indictment is multiplicitous. 284 U.S. 299, 304 (1932). However, when the charges alleged to be multiplicitous are overlapping or similar *conspiracies*, the issue is more complex and may depend, for example, upon whether the separate conspiracies alleged are each

---

[1]The Second Circuit has held that held that "if a defendant makes a non-frivolous showing that two indictments in fact charge only one conspiracy, the burden shifts to the prosecution to show, by a preponderance of the evidence, that there are in fact two distinct conspiracies and that the defendant is not being placed in jeopardy twice for the same crime." United States v. Lopez, 356 F.3d 463, 467 (2d Cir. 2004). However, that rule applies only to the Double Jeopardy Clause's protection against a second prosecution after an *earlier* conviction or acquittal for the same offense. Where, as is the case here, a *single* prosecution contains counts that are potentially multiplicitous, the Double Jeopardy Clause protects against multiple *punishments*. As described above and in Josephberg, this protection is best achieved by vacating any multiplicitous conviction at trial, rather than by premature dismissal of the counts.

based upon a general federal conspiracy statute or instead are based on separate provisions outlawing specific types of conspiracies. See generally United States v. Rodriguez, 612 F.2d 906 (5th Cir.1980) (en banc), aff'd sub nom., Albernaz v. United States, 450 U.S. 333 (1981). This different analysis is necessary because a conspiracy is not the same crime as the underlying violation to which it relates. See Ansaldi, 169 F.3d at 124. The relevant inquiry includes whether there existed more than one agreement to perform some illegal act or acts, even when the illegal acts supporting each conspiracy alleged are themselves violations of different substantive provisions of the criminal code. See Braverman v. United States, 317 U.S. 49, 54 (1942); Ward v. United States, 694 F.2d 654, 661 (11th Cir. 1983).

Courts also analyze whether the totality of the circumstances demonstrates that the two alleged conspiracies are based on the defendant's participation in one single conspiracy by considering the following factors: (1) the locality where the two alleged conspiracies took place; (2) whether there is a significant degree of time overlap between the two conspiracies; (3) whether there is an overlap of personnel between the two conspiracies, including unindicted and indicted co-conspirators; and (4) whether the overt acts charged and the role played by the defendant according to the charges is similar. See United States v. Laguna-Estela, 394 F.3d 54, 57 (1st Cir. 2005); United States v. Cole, 293 F.3d 153, 158 (4th Cir. 2002); United States v. Ciancaglini, 858 F.2d 923, 929 (3d Cir. 1988); United States v. Benton, 852 F.2d 1456, 1462 (6th Cir. 1988). The Second Circuit has considered these factors, along with similarity of operation and the degree of interdependence between the two conspiracies, in the context of a second prosecution for the same conspiracy. United States v. Lopez, 356 F.3d 463 (2d Cir. 2004), citing United States v. Korfant, 771 F.2d 660, 661 (2d Cir.1985).

In this case, based on the allegations of the superseding indictment, it is clear that the dates and the general geographic location of the two conspiracies are the same. Thus, the operations of both alleged conspiracies may be similar and interdependent. In addition to the difference between the drug types in counts one and two, the overlap between the personnel in the two alleged conspiracies is not complete: the second count names unindicted co-conspirator Artan Isufaj, while the first count does not. The government asserts that count two relates to an unlawful agreement among Isufaj, Turner and the defendant, while count one relates to an unlawful agreement between Turner and the defendant.

The government asserts that the facts needed to establish counts one and two are very different. If the second conspiracy count is for a distinct conspiracy with a separate agreement, there may be no double jeopardy problem regardless of whether there is evidentiary overlap. United States v. Lopez, 356 F.3d 463 (2d Cir. 2004). Thus, at trial it will be important to determine whether the government is alleging that there were in fact two separate agreements to distribute each different type of drug.

The defendant further argued in his 2007 motion that if counts one and two are not dismissed, he is entitled to a Bill of Particulars identifying the basis for the allegation of conspiracy, the dates on which each co-conspirator joined the conspiracy, all overt acts not identified in the indictment, and the defendant's alleged participation in each overt act. Although it is unclear whether Deas intended to renew this request for a bill of particulars, the Court notes that such a request would be denied because it is appropriately granted only where necessary to inform the defendant of the charges against him with sufficient precision to enable him to prepare his defense and minimize unfair surprise at trial. See United States v. Mullen, 243 F.R.D. 54,

61-62 (W.D.N.Y. 2006); United States v. Guerrerio, 670 F. Supp. 1215, 1224 (S.D.N.Y. 1987). The government argues that the indictment sufficiently informs the defendant of the charges against him, because a defendant does not need to know the means by which the government claims he performed acts in furtherance of the conspiracy or the evidence the government intends to use to prove these acts. United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), aff'd without opinion, 875 F.2d 857 (2d Cir.), cert. denied, sub nom. Maria v United States, 493 U.S. 834 (1989). Additionally, as the government can prove the existence of a conspiracy through circumstantial evidence, a Bill of Particulars comprised of very specific details is not required for a drug trafficking conspiracy charge. United States v. Taylor, 707 F.Supp. 696, 699 (S.D.N.Y. 1989).

The government has provided the defendant with copies of all wiretap recordings and call logs to each defendant in the case, copies of all documents supporting the wiretap investigation, and all FBI 302 reports with respect to the investigation of this case. Thus, the defendant should not need any further information about the government's case in order to prepare his defense. To find otherwise would confine the government's proof the particulars furnished, thereby possibly unduly restricting the government's ability to present its case. Feola, 651 F. Supp. at 1132.

### B. Motion to Disclose Grand Jury Proceedings

The defendant further moves for disclosure of grand jury proceedings, and argues he has a particularized need for such disclosure because he must determine whether one or two separate conspiracies existed or if the conspiracy charged in count two is subsumed by the conspiracy charged in count one. The government points out that it has provided detailed information as to the theory behind counts one and two of the superseding indictment but has agreed, "in the spirit

of cooperation," to provide copies of the grand jury transcripts ten days before the start of evidence. The Court therefore denies the defendant's motion as moot.

### III.     Conclusion

The defendant's motion to dismiss counts one and two of the indictment, or in the alternative, obtain a bill of particulars with respect to these counts [Dkt. # 256] is denied. The motion to dismiss count two of the superseding indictment [Dkt. # 538] is denied. The motion for relief from misjoinder [Dkt. # 261] is denied as moot. The motion for early disclosure of Jencks material and timely disclosure of Brady/Giglio material [Dkt. #  257] is denied as not renewed by the defendant. The motion to disclose grand jury proceedings [Dkt. # 258] is denied as moot. The motion for severance and trial separate from the co-defendants [Dkt. # 259] is denied as moot. The motion to file additional motions [Dkt. #262] is denied as not renewed by the defendant.

SO ORDERED this 24th day of November 2008, at Hartford, Connecticut.

       /s/ Christopher F. Droney
       **CHRISTOPHER F. DRONEY**
       **UNITED STATES DISTRICT JUDGE**