## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.

VIDA DEAS

No. 3:07-cr-73 (SRU)

## <u>ORDER</u>

On April 24, 2009, after a four-day jury trial, Vida Deas was found guilty of conspiracy to possess and distribute cocaine; and two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (doc. 703) On May 4, 2009, Deas moved for acquittal or for a new trial (docs. 710, 716), which motion was denied on June 12, 2009 (doc. 730). On December 16, 2009, Deas was sentenced to 240 months of imprisonment on each count of conviction, to be served concurrently. (doc. 809) Deas timely appealed the judgment on December 29, 2009 (doc. 814), which appeal was rejected by the Second Circuit by summary order on October 24, 2011. *See United States v. Deas*, 452 F. App'x 12, 2011 WL 4508498, at *14–15 (2d Cir. 2011). Deas then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on January 9, 2012. *See Deas v. United States*, 132 S. Ct. 1070 (2012).

On February 24, 2012, Deas filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See Deas v. United States*, 3:12-cv-275 (SRU) (D. Conn. 2012) (doc. 1). I denied that petition on August 11, 2014. *Deas*, 3:12-cv-275 (SRU) (D. Conn. 2014) (doc. 33). Deas timely appealed, and the Second Circuit affirmed the denial by summary order on October 22, 2015. *See Deas v. United States*, 15-1883 (2d Cir. 2015) (doc. 33).

On December 1, 2014, Deas moved *pro se* for relief from judgment on the grounds that the government submitted improperly authenticated copies of his prior state conviction records in support of a sentence enhancement under 21 U.S.C. § 851. (doc. 891) That argument could have been raised either on direct appeal or in the course of Deas' first section 2255 petition. Accordingly, I construe Deas' motion as a second or successive habeas petition under section 2255(h).

Before filing a second or successive habeas petition in district court, a prisoner must file a motion in the Second Circuit for an order authorizing me to consider that petition. The Second Circuit, in *Liriano v. United States*, 95 F. 3d 119 (2d Cir. 1996), instructs district courts to transfer unauthorized petitions to the appeals court if it is in the interest of justice. *Id.* at 123. "[T]ransfer is unnecessary [, however,] where the second or successive habeas corpus application is wholly without merit." *Minaya v. United States*, 41 F. Supp. 3d 343, 345 (S.D.N.Y. 2014). A second or successive habeas corpus application "shall be dismissed" unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Deas' petition fails to meet either of those exceptions—he argues only that the evidence supporting the government's section 851 motion, which was available to him at sentencing, on direct appeal, and at the time of his first habeas petition, is inadequately authenticated. The authentication requirement is not a new rule of constitutional law, and even if

the documents were incorrectly authenticated, which is not clear from Deas' submission, that error would not by itself be sufficient to meet the requirements of section 2244(b)(2).

Deas' petition is **denied**.  Because Deas has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue. The Clerk shall enter judgment and close the file.

So ordered.

Dated at Bridgeport, Connecticut, this 25th day of February 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

3